United States District Court
Southern District of Texas
**ENTERED**
April 18, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DANIEL MONTES, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-23-1352 |
| | § | |
| BERTHA TIBBS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Daniel Montes has moved for reconsideration of this court's March 12, 2024, Memorandum and Opinion. (Docket Entry Nos. 30–31, 34). Based on the motion, the response, and the applicable law, the court denies the motion for reconsideration. The defendant has also moved for sanctions. (Docket Entry No. 38). Sanctions are denied at this time, but Montes is warned that profane and uncivil exchanges with the defendants and frivolous arguments to the court will result in sanctions.

The reasons for these rulings are set out below.

**I.      The Rule 59(e) Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). A motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Because Montes filed his motion within the 28-day window, his motion is evaluated under Rule 59(e).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. A party seeking reconsideration must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717 (E.D. La. 2018).

## II.   Analysis

### A.  Improper Assignment

Montes argues that the court failed to properly consider the factors related to assignment, leading to an incorrect dismissal of the case. (Docket Entry No. 35). But Montes misunderstands the case law on assignment, and his "errors" are not errors on the part of the court.

Title 28 U.S.C. § 1359 provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."  In determining whether diversity jurisdiction has been created in an improper or collusive manner, courts consider the following factors: "(1) whether there was nominal or no consideration involved in the assignment; (2) whether the assignee had any previous connection to the assigned claim; (3) whether there was a legitimate

business reason for the assignment; (4) whether the timing of the assignment suggests it was merely an effort to secure federal diversity jurisdiction; (5) whether the assignor exercises any control over the conduct of the litigation; and (6) whether the assignor retains any interest in the action such as receiving a portion of the assignee's recovery." *Hytken Fam. Ltd. v. Schaefer*, 431 F. Supp. 2d 696, 699–700 (S.D. Tex. 2006) (citing *Long & Foster Real Estate, Inc. v. NRT Mid–Atlantic, Inc.,* 357 F.Supp.2d 911, 922–23 (E.D.Va.2005) (collecting cases); Wright & Miller, 14 FED. PRAC. & PROC. § 3639 (3d ed. 1998)).

Alleged Error 1. Montes argues that because the assignment document claims the presence of "other good and valuable consideration," the court erred in finding that there was no evidence of consideration. (Docket Entry No. 35 at 8).   When there is no evidence of the actual consideration, or only a reference to "other good and valuable consideration," the circumstances alleged show that consideration "is either nominal or nonexistent," weighing in favor of finding an improper assignment. *Hytken Fam. Ltd.* 431 F. Supp 2d. at 700.

Alleged Error 2. Montes argues that his unjust enrichment claim was confused with his assignment claim.  He does not explain how this occurred or what the confusion is.  The court examined whether Montes could allege facts that would prove a claim for loss of inheritance as part of analyzing his right to recover.  Under Texas law, the facts Montes alleges do not allow him to recover on a claim for a potential reduction of a possible future inheritance from an individual who is very much alive. *See Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 290 (5th Cir. 1987).  Applying this law to the assignment factors, Montes does not have a previous connection to the claim, or a legitimate reason to bring the claim, and, for the same reasons, his unjust enrichment claim fails. *Both* these claims are defeated by the same principle of law.

Alleged Error 3. Montes claims that the court should not have found the timing of assignment suspect and that the court failed to credit his claim that his mother is getting nothing from this litigation. First, Montes himself has stated that he requested the assignment to file suit. (Docket Entry No. 21-1 at ¶ 85).  This is the type of timing that factor four of the assignment test seeks to capture. As to his claim that his mother is getting nothing from the litigation, it is true that his assignment was complete. However, "even when there is a complete assignment, collusion may be found. That is most likely to be where there is an excellent opportunity for manipulation, as in transfers between [related businesses]." *Att'ys Tr. v. Videotape Computer Prod., Inc.*, 93 F.3d 593 (9th Cir. 1996).  Here, the court found the factor to be neutral because the parties are so closely related—mother and son.  Given that close connection, the court cannot conclusively determine that Montes's mother would not benefit if Montes won.

Alleged Error 4. Montes claims that "[t]he Court further makes unfounded allegations against me that I asked my mother for the Assignment so I can file suit in some kind of devious plan or improper assignment." (Docket Entry No. 35 at 12). The court is not sure what Montes is referring to. In its prior opinion, the court noted that in Montes's own words, he *asked* his mother to assign him the alleged debt so he could file suit. (Docket Entry No. 21-1 at ¶¶ 37, 85).  While it is true, as Montes observes, that an assignment can be made for any reason, not every assignment can sustain diversity jurisdiction. These are two different legal tests. The issue is not whether an assignment of a claim as a debt to permit suit is good or bad. The issue is whether the assignment can sustain diversity jurisdiction.

Alleged Error 5. Montes again states that because the assignment is valid under Texas state law, it must be sufficient to sustain diversity jurisdiction. Section 1359 restricts what type of

assignments can sustain diversity jurisdiction. Not all assignments valid under a state law are sufficient for federal diversity.

Alleged Error 6.  Montes claims that the court declared him a vexatious litigant "mid case." (Docket Entry No. 35 at 13).  Prior courts involved in unrelated litigation deemed Montes a vexatious litigant. In the present case, the court dismissed the case with prejudice and then declared Montes a vexatious litigant.

Alleged Error 7.  Montes claims that "[t]he Court abused its discretion by relying on clearly erroneous factual findings." (*Id.* at 14).  Because he does not explain what those findings are— beyond those already discussed—this is a conclusory statement that does not support reconsideration.

Alleged Error 8.  Montes argues that the court misapplied § 1359 to the facts.  Montes does not explain how. Montes has emailed the court repeatedly despite being instructed not to do so. He attaches one email to his motion that references footnote 9 in *Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 828–29 (1969). The footnote explained that *Kramer* did not apply to cases in which "the transfer of a claim is absolute, with the transferor retaining no interest in the subject matter," because "then the transfer is not 'improperly or collusively made,' regardless of the transferor's motive."  The law on this element of assignment law has evolved beyond the dicta in the *Kramer* footnote in 1969.  Today, courts use the six-factor test discussed above, and whether the assignee retains an interest in the action is but one factor. *See, e.g.*, *Hytken Fam. Ltd. v. Schaefer*, 431 F. Supp. 2d 696 (finding an improper and collusive assignment even when the plaintiff received "all of [assignee's] rights, claims, title, interest and choses in action"); *Funderburk Enterprises, LLC v. Cavern Disposal, Inc.*, No. 09-CV-327, 2009 WL 3101064 (W.D. Tex. Sept. 22, 2009), *report and recommendation adopted*, Docket No. 33 (W.D. Tex. Oct. 30, 2009).

Even if this was not the case, the situation here can be distinguished from the situation discussed in footnote 9 in *Kramer* because, as the court has previously discussed, it is not clear that Montes's mother retains no interest in the subject matter. In fact, Montes has offered her as a key witness to prove the existence of the oral contract, and so she would remain involved in the litigation.

Alleged Error 9. Montes again argues that the court erroneously dismissed his unjust enrichment claim, independent of the error alleged in the assignment claim. There are several problems with his argument. First, when Montes first brought this case, he asserted only a breach of contract claim. (Docket Entry No. 1). He moved to amend his complaint and then sent repeated additional amended complaints, without seeking leave. The court nonetheless considered his latest proposed amended complaint, filed on February 18, 2024, in its prior Memorandum and Opinion. However, the statute of limitations for an unjust enrichment claim is two years. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 869 (Tex. 2007). Even accepting Montes's arguments about tolling, the statute began running on January 10, 2022. (Docket Entry No. 1). Montes's claim for unjust enrichment is barred.

Additionally, Montes cannot state an independent claim for unjust enrichment. "Texas courts . . . hold that unjust enrichment is an element of restitution and not an independent cause of action." *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 961 (S.D. Tex. 2014); *Lilani v. Noorali*, No. H-09-2617, 2011 WL 13667, at *11 (S.D. Tex. Jan. 3, 2011) ("The majority of Texas appellate courts hold that unjust enrichment is not an independent cause of action."). Assuming, for the sake of argument, that Montes could bring an independent claim for unjust enrichment, he cannot sustain such a claim with a hypothetical claim for loss of future inheritance. His mother is still alive. Any number of events could occur that would affect whether Montes

6

recovers the inheritance he expects. His mother could change her mind. She could encounter a need to spend the money during her life rather than make it available as part of her estate when she dies. Whether, and how much, and when Montes will inherit money from his mother is too speculative to allow his claim to be sustained.

Montes has not pointed to new law or facts that would alter the court's judgment that there is no diversity jurisdiction over his claims. The motion to reconsider is denied.

### B.  Other Bases for Dismissal

In its Memorandum and Opinion, the court noted that it need not reach the issue of the amount in controversy because there was a separate basis for dismissal. In the interest of completeness, the court points out that even if Montes could establish diversity on the basis of the assignment—and he cannot—he has not alleged a sufficient amount in controversy to sustain federal jurisdiction.

"[W]hen there are multiple, severally liable defendants, the potential liability of the multiple defendants may not be aggregated." *Cronin v. State Farm Lloyds*, No. CIV.A.H-08-1983, 2008 WL 4649653, at *4 (S.D. Tex. Oct. 10, 2008); *see* Wright & Miller, 14 FED. PRAC. & PROC. § 3704, at 138-41 (3d ed. 1998) ("[T]he cases are quite clear and virtually unanimous that separate and distinct claims by different plaintiffs still cannot be aggregated for purposes of measuring the amount in controversy. The same rule applies when suit is brought by a single plaintiff against multiple defendants.").

At the time Montes brought the suit—solely against Tibbs—he sought $82,000. (Docket Entry No. 1). Montes later admitted over email, in his damages calculations sent to the proposed defendants, that his damages against Tibbs were only $39,840. (Docket Entry No. 26-1). Other

documents Montes relies on state that each proposed defendant owes his mother "$40K." (Docket Entry No. 6-2).

Montes claims that aggregation is allowed because the proposed defendants "jointly and maliciously caused" the damages. (Docket Entry No. 27).  But by Montes's own admission, each defendant allegedly breached a separate personal obligation to pay for Montes's grandmother's care—the defendants were not jointly liable under the alleged oral contract. *See Bierscheid v. Hamman*, No. 16-3251, 2022 WL 2256306, at *8 (S.D. Tex. June 23, 2022) ("Under Texas contract law, joint and several liability usually arises when two or more promisors in the same contract promise the same performance to the same promisee."); *Int'l Marine, LLC v. Delta Towing LLC*, No. 10-CV-0044, 2013 WL 5890551, at *4 (E.D. La. Nov. 1, 2013) ("'joint and several' liability pertains to promises of the same, not separate, performances.").  Here, Montes alleges that the defendants each agreed to pay a separate amount for Montes's grandmother's care and agreed to take care of the grandmother on separate days.  The defendants clearly did not agree to jointly make the same performance.  Montes's damages calculation reflects this. Montes has made no showing that the defendants should be jointly liable, and there is no basis in the record to make such a finding.

Given that Montes cannot aggregate his claims, Montes's claim for 18% interest could not create over $75,000 in liability for each defendant, and Montes has not supported this demanded interest. The court notes that even if the assignment was proper, the amount in controversy, by Montes's own admission, would not be sufficient to support federal jurisdiction.

### C.  Sanctions

Montes has proceeded in this case pro se, but even pro se plaintiffs may be sanctioned. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195–96 (5th Cir. 1993) (collecting cases).

Montes has repeatedly emailed the court, often multiple times a day, demanding updates on his case and casting aspersions on the court and its staff, despite being repeatedly asked to stop. In her response to the motion to reconsider, Tibbs brings to the court's attention numerous incidents of harassing and abusive conduct on the part of Montes. (Docket Entry No. 38).  This includes statements calling the proposed defendants "whore b****es," (*Id.* at 9), n-word "d*** sucker Mexicans," and "limp d*** mexican born wet back clients." (*Id.* at 11).

This conduct is plainly improper harassing and abusive behavior. "[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Montes is given warning here. If he continues to harass the court or the defendants in this case, he will face sanctions.

## III.   Conclusion

Montes's motion presents insufficient grounds for the "extraordinary remedy" of reconsideration.  He instead attempts to relitigate issues that the court decided in ruling on the motion for summary judgment.  *Templet*, 367 F.3d at 478–79 (A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

Montes's motion for reconsideration, (Docket Entry No. 35), is denied.


SIGNED on April 18, 2024, at Houston, Texas.


_____
Lee H. Rosenthal
United States District Judge

9